■ In the Matter of the Arbitration between ALFRED B. BEAKBANE, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Appeal by Motor Vehicle Accident Indemnification Corporation from an order of the Supreme Court at Special Term which denied its motion to stay arbitration of a claim for personal injuries, to vacate the demand therefor and for a trial by jury on the issue of physical contact as defined in a standard New York Automobile Accident Indemnification Endorsement annexed to an automobile liability insurance policy issued to claimant. (Insurance Law, § 167, subd. 2-a.) In his demand for arbitration claimant alleged that on September 5, 1961 an automobile owned and operated by him collided with a "Hit-and-Run Automobile" on a public highway in Saratoga County, New York. It further appears from a police accident report which he filed on the following day that the unidentified vehicle crossed pavement markings and struck his car "very slightly" causing it to leave the shoulder of the road and to be precipitated down an embankment into the Hudson River. The allegation is uncontroverted and the physical contact described in the report is not denied. Nor is it indicated that appellant investigated the claim pursuant to its statutory obligation. (Insurance Law, § 605, subd. [a], par. [1].) Its position is that since the facts of the accident are peculiarly within the knowledge of claimant it "cannot be bound to accept, without a hearing, the version as alleged by the claimant". This contention cannot be sustained. Were we to hold to the contrary a hearing by the court as to one or more of the preliminary issues or conditions precedent to arbitration could be compelled without any evidentiary showing of the existence of such issues and, indeed, without investigation of the eligibility of claimant to invoke the arbitration clause of the endorsement. Special Term correctly determined that no right to a preliminary trial had been demonstrated. (Civ. Prac. Act, § 1450.) The additional basis for the relief sought which was urged at Special Term — claimant's failure to attempt the

negotiation of the claim — is not argued on appeal. Order affirmed, with $10 costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.